UNITED STATE DISTRICT COURT
DISTRICT OF RHODE ISLAND

KENNETH VIEIRA

v.

INDEPENDENT CONSTABLE ASSOCIATION, INC,
STATE OF RHODE ISLAND DEPARTMENT OF
BUSINESS REGULATION by its Director
Elizabeth Kelleher Dwyer.

## COMPLAINT
## PARTIES

1.     The Plaintiff, Kenneth Vieira, is a resident of the town of Barrington, County of Bristol, State of Rhode Island At all times relevant hereto.

2.     The Defendant, Independent Constable Association Inc., (ICA) is a Rhode Island Domestic non-profit corporation.

3.     The Defendant, State of Rhode Island Department of Business Regulations (DBR), is a department of the State of Rhode Island and sued through its director Elizabeth Kelleher Dwyer in her official capacity only.

## JURISDICTION

4.     The Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, and 1343(a)(3)-(4).

5.     The plaintiff's claims are authorized by 42 U.S.C. § 1983.

6.     Venue in this District is proper under 28 U.S.C. § 1391(b)(2), as the events, omissions, and actions giving rise to the plaintiff's claims occurred in the District of Rhode Island.

7.     This Court has supplemental jurisdiction over the Plaintiff's state law claims against the Defendants as they arise of the same nexus of fact as his federal disability claims under 28 U.S.C. § 1367.

## FACTS

8. Plaintiff is a constable who is dually licensed by the DBR.

9. Plaintiff's license with the DBR is active pending renewal.

10. Plaintiff is required by 230-RICHR-30-40-1-1.6(2) promulgated by the DBR to attend ten hours of continuing education credit hours prior to renewing his license every two years.

11. All continuing education hours for constables are subject to evaluation and approval by the DBR. See 230-RICHR-30-40-1-1.14(A).

12. In practice this means that prior to being provided with Continuing Education Credits, the provider of those seminary must receive approval from the DBR for them to qualify.

13. Presently, there is only one active group, the Defendant ICA who holds seminars that offer the needed continuing education credits for Plaintiff and all other Rhode Island Constables to maintain their license.

14. Accordingly, if a constable does not attend an ICA seminar, they cannot get their continuing education credits, and are subject to having their license revoked by DBR.

15. In November 2022, the ICA held its seminar at the Defendant Alpine Country Club's location in Cranston, Rhode Island.

16. The president of the ICA is Kenneth Norigian.

17. Plaintiff is hearing impaired and during the first seminar, the audio was terrible and with only one speaker impossible for him to hear.

18. During the dinner break, Plaintiff approached the President Norigian and told him it was very difficult to hear anything that was being said.

19. Plaintiff reminded Norigian that he had hearing aids and told him he was not able to understand what's being said because of the poor sound quality, and lack of speakers.

20. Plaintiff asked him if there was something President Norigian could do about it for future seminars.

21. President Norigian told Plaintiff that it was his problem, and that he needed to move closer to the front.

22. Plaintiff told him President Norigian that moving closer to the front was not going to help him, noting it was a sound quality issue.

23. President Norigian shrugged his shoulders and said: "Oh well" and walked away.

24. A few years back Plaintiff received an email from Norigian's recording secretary and questioned it.

25. President Norigian called Plaintiff and threatened by telling him anytime he read something from the Recording Secretary it is coming from his lips.

26. President Norigian told Plaintiff that if Plaintiff kept questioning things, he would throw Plaintiff out of the Association and Plaintiff wouldn't get his Constable license immediately.

27. Plaintiff called Ron Russo, the president of Rhode Island Constables Inc, which Plaintiff was also a member of.

28. Plaintiff asked him if there's anything we could do about the sound quality he told Plaintiff the next seminar, the following year, he would be having it on his own.

29. After the meeting, Plaintiff later sent a series of emails and texts to the ISA what could be done to accommodate him, including asking for the meeting to be held by zoom.

30. Plaintiff was told they would not do so in the emails and texts.

31. Plaintiff hired a lawyer to meet with DBR in March 2023.

32. DBR met with Plaintiff and Plaintiff explained the issues that occurred at the prior meeting and about the ICA's position on providing him with an accommodation.

33. DBR tried to say that they have nothing to do with it because they don't hold the seminars, but Rhode Island state law requires Plaintiff to attend these specific seminars which are those approved by the DBR and run only by the ICA this year in order to keep his license.

34. Plaintiff made a formal demand for reasonable accommodations due to my hearing disability and deputy legal counsel at DBR set up a zoom meeting at the next seminar for Plaintiff to attend.

35. When Plaintiff logged in and tried to participate in the zoom, DBR had the chat disabled, and the speaker for the meeting turned off so he could not participate at all in it.

36. The close captioning portion of the Zoom that was provided did not match up to the words the people were speaking.

37. In addition, the meeting was held in such a fashion that presenters and attendees participating were speaking were off the screen more than they were on the screen so Plaintiff could not see them.

38. As a result of the above actions, the Plaintiff has suffered injury, in that he was denied proper accommodations for his disability, he has been denied the ability to participate as a non-disabled person in multiple seminars held by the ICA and approved by DBR and, as a result, his licensure as a constable has been placed at risk.

## COUNT I
## AMERICANS WITH DISABILITIES ACT, R.I.G.L. § 42-112-1
## INDEPENDENT CONSTABLE ASSOCIATION.

39. The allegations of the preceding paragraphs are hereby realleged and incorporated by reference as if set forth in full.

40. Defendant ICA violated Americans with Disabilities Act, R.I.G.L. § 42-112-1 by denying Plaintiff reasonable accommodations which would allow him to participate like a non-disabled person in the seminars that it has held.

41. Defendant ICA willfully and intentionally engaged in this conduct to discourage Plaintiff from requesting accommodations and/or seeking to participate in the continuing education programs it holds.

42. Wherefore, the Plaintiff has suffered injury and seeks relief as set forth below.

## COUNT II.
## R.I.G.L. § 42-112-1, REHABILITATION ACT
## DEPARTMENT OF BUSINESS REGULATIONS
## STATE OF RHODE ISLAND

43. The allegations in the previous paragraphs of the complaint are hereby realleged and incorporated by reference as if set forth herein.

44. Section 504, Rehabilitation Act of 1973 provides: "No otherwise qualified individual with a disability in the United States . . .shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

45. Upon information and believe the Rhode Island Department of Business Regulation receives funding from the Federal Government for some of its departments receiving a minimum of $249,000 in 2022.[1]

46. The Defendant DBR's actions constitute a violation of R.I.G.L. § 42-112-1 and the Rehabilitation Act of 1973, in as much as the entity sanctioned and participated directly in the denial of accommodations to the Plaintiff and thus denied the same rights and abilities as a non-

---

[1] See https://www.highergov.com/awardee/business-regulation-rhode-island-department-of-13391533/

disabled person to participate in the continuing education services that were approved by the DBR for use by the ICA where the ICA is the only provider of those programs for all constables in the State of Rhode Island who need those credits to maintain their licensure.

47. In addition, said denial has placed the ability of Plaintiff to renew his license at issue.

48. As a result, the Plaintiff has suffered actual injury and may be further damaged if his license is not renewed by DBR.

49. Plaintiff seeks relief as set forth below.

**WHEREFORE,** the Plaintiff demands:

A. An order of this Court that the denial of accommodations to him by both Defendants violates the applicable laws cited above;

B. An order requiring that the Defendant DBR renew the Plaintiff's license as a constable if Plaintiff has met all criteria except credit from ICA continuing educational programs;

C. Damages for the mental and emotional distress he has suffered due to this denial of accommodations from Defendant ICA;

D. Punitive damages against the ICA for their willful failure to provide accommodations; and,

C. Attorneys' fees, cost, interest and such other relief that this Honorable Court may order.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

        Plaintiff,
        By his Attorneys,


        <u>/s/ Sonja L. Deyoe</u>
        Sonja L. Deyoe, #6301
        Law Offices of Sonja L. Deyoe
        395 Smith Street
        Providence, RI 02908
        (401) 864-5877
        sld@the-straight-shooter.com